686 So.2d 651 (1996)
Anthony S. CASERTA, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, et al., Appellees.
No. 96-301.
District Court of Appeal of Florida, Fifth District.
December 6, 1996.
Anthony Cammarata of Anthony Cammarata, P.A., Tallahassee, for Appellant.
Theodore R. Gay, Miami, for Appellees.
GOSHORN, Judge.
Anthony Caserta appeals from a final order of the Florida Real Estate Commission ("the Commission") which, among other things, revoked Caserta's real estate license. The dispositive issue in this appeal is whether the legislative changes to section 120.53, Florida Statutes, which took effect in 1992, eliminated the requirement that the Florida Department of Business and Professional Regulation ("the Department") maintain a subject-matter index from January 1, 1975. We find that they did, and accordingly, we affirm.
On May 24, 1993, the Department filed a three-count complaint against Caserta charging him with violating section 475.452 and paragraphs 475.25(1)(b), (d), and (e), Florida Statutes (1993). The Department alleged that Caserta had made false promises to potential buyers to induce them to purchase certain real estate. He also had taken approximately $650,000 as an advance commission *652 without their knowledge, and had failed to place 75% of the commission in escrow as required by section 475.452. Further, the Department alleged that Caserta had placed approximately 17 acres of the property in his own name and, as the buyers were unaware of this, it amounted to a secret profit.
After a hearing, the hearing officer entered a recommended order proposing that the Commission revoke Caserta's real estate license. Caserta's counsel filed exceptions to the hearing officer's recommended order and requested that the Department comply with Gessler v. Department of Business & Professional Regulation, 627 So.2d 501 (Fla. 4th DCA 1993), dismissed, 634 So.2d 624 (Fla. 1994) and section 120.53 "by making available for inspection each final agency order that imposed discipline for violations of [the relevant statutes] ... since January 1, 1975, through the date of this request."
The Department's agency clerk provided Caserta with a number of records including declaratory statements and subject-matter indexes. The Department did not provide a subject-matter index from January, 1975, but rather, it gave Caserta a subject-matter index from January 1, 1992.[1]
After the Commission heard the case, it entered a final order adopting the hearing officer's findings of fact, conclusions of law, and recommended penalty. This appeal followed the denial of a petition to stay enforcement of the final agency action.
Caserta argues that reversal is required because the Department erred in failing to pend final agency action until it complied with section 120.53. Specifically, Caserta contends that the Department's responses to his request were inadequate because the Department failed to include a subject-matter index identifying for the public any rule or order issued or adopted after January 1, 1975 as required under subsection 120.53(2), Florida Statutes (1991). The Department answers that it provided legally sufficient responses to Caserta's request because the relevant statutes, which were changed in 1992, impliedly eliminated the requirement that the index be provided from January 1, 1975 to December 31, 1991. See § 120.533(1), Fla.Stat. (1993).
Subsection 120.53(2), Florida Statutes (1991) provided in pertinent part:
Each agency shall make available for public inspection and copying, at no more than cost:
(a) All rules formulated, adopted, or used by the agency in the discharge of its functions.
(b) All agency orders.
(c) A current subject-matter index, identifying for the public any rule or order issued or adopted after January 1, 1975....
Id. (emphasis added).
In 1992, the Florida Legislature substantially amended chapter 120. Section 120.53, Florida Statutes (1993), which took effect March 1, 1992[2] and applies to the present case,[3] provides in relevant part:
(2)(a) Each agency shall make available for public inspection and copying, at no more than cost:
1. All rules formulated, adopted, or used by the agency in the discharge of its functions.
2. All agency orders.
3. A current subject-matter index, identifying for the public any rule or order as specified in this subparagraph. In lieu of the requirement for making available for public inspection and copying a hierarchical subject-matter index of its orders, an agency may maintain and make available for public use an electronic data base of its orders that allows users to research and *653 retrieve the full texts of agency orders by devising an ad hoc indexing system employing any logical search terms in common usage which are composed by the user and which are contained in the orders of the agency. The agency orders that must be indexed, ... include:
a. Each final agency order resulting from a proceeding under s. 120.57(1) or (2);
b. Each final agency order rendered pursuant to s. 120.57(3) which contains a statement of agency policy that may be the basis of the future agency decisions or that may otherwise contain a statement of precedential value;
c. Each declaratory statement issued by an agency; and
d. Each final order resulting from a proceeding under s. 120.535, s. 120.54(4), or s. 120.56.
§ 120.53(2)(a)1., 2., 3., 4., Fla.Stat. (1993).
The Department contends that its responses to Caserta's requests were adequate, and thus, this issue does not warrant reversal. To support its assertion, the Department notes that the 1992 amendments to section 120.53 deleted the January 1, 1975 starting date for subject-matter indexing. Because the amendment took effect on March 1, 1992, the Department argues that its responses to Caserta's requests, which provided him with subject-matter indexes since January 1, 1992, were in compliance with the statute as amended.
We find the Department's argument persuasive. The Florida Legislature affirmatively acted by eliminating the wording, "issued or adopted after January 1, 1975." See Ch. 91-30, § 2, at 242, Laws of Fla. We conclude that, by striking the January 1, 1975 starting date, the legislature must have intended to eliminate the requirement that subject-matter indexes must be maintained from that date. As the legislature struck the required beginning date for the alphabetical index without establishing a new beginning date, we conclude the legislature intended the new date to be the effective date of the amended statute. It is likely that the legislature recognized the impossible burden many agencies would face in providing subject-matter indexes that, in some instances, may not even exist, particularly in light of subsection 120.68(8)'s mandate that an agency's failure to comply with section 120.53 is presumed to be prejudicial error. See § 120.68(8), Fla. Stat. (1993). In sum, we conclude that agencies must maintain and provide a subject-matter index from March 1, 1992, the effective date of the 1992 amendment to section 120.53. The Department did so.
AFFIRMED.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs specially in result only.
NOTES
[1] The clerk also provided an alphabetical index of final orders from July 1, 1987 through December 31, 1991, but informed Caserta that there was no index in existence "for the period of January 1, 1975 through June 30, 1987."
[2] See Ch. 91-30, § 12, at 252, Laws of Fla. as amended by Ch. 91-191, § 1, at 1604, Laws of Fla.
[3] See Ch. 91-191 § 11, at 1604, Laws of Fla. (stating that "[t]his act applies to actions instituted on or after March 1, 1992"). In the present case, the Department filed its action against Caserta on May 24, 1993.